[No. B064761. Second Dist., Div. One. Feb. 2. 1993.]

LILLIAN JURADO, Plaintiff and Appellant, v.
TOYS "R" US, INC., Defendant and Respondent.

COUNSEL

Jeffrey W. Virden for Plaintiff and Appellant.

De Simone & Tropio and Gerry De Simone for Defendant and Respondent.

OPINION

**VOGEL (Miriam A.), J.**—We reverse an order dismissing Plaintiff Lillian Jurado's slip-and-fall action against Defendant Toys "R" Us, Inc.

### FACTS

Jurado sued Toys "R" Us for personal injuries. The matter was initially set for trial on May 6, 1991, but was continued on the court's own motion to

July 16. On July 12, Jurado successfully moved for a continuance on the ground that her treating physician, Dr. Arthur Collins, had taken an "unexpected vacation" and was unavailable. Toys "R" Us did not oppose the motion, and trial was continued to November 12.

Later in July, Dr. Jacob Rabinovich became Jurado's treating physician in place of Dr. Collins, and on July 23 Jurado's process server personally served Dr. Rabinovich with a subpoena requiring his appearance at trial on November 12. On July 31, Dr. Collins was served with a subpoena requiring his attendance on November 12. Shortly thereafter, Collins disappeared and Jurado's efforts to locate him were unsuccessful (he moved without leaving a forwarding address or telephone number).

On November 12, Jurado requested a brief continuance or placement on the master calendar court's trailing calendar because she had just learned that Dr. Rabinovich was in Europe and would not be appearing. The master calendar judge denied both requests and transferred the case to a trial court. Jurado renewed her requests in the trial court but they were again denied, apparently because the trial court believed Jurado's attorney, Jeffrey W. Virden, had not done enough to keep track of either Dr. Collins or Dr. Rabinovich. When Virden explained he was unable to proceed without a medical witness, Toys "R" Us moved for dismissal. The motion was granted and Jurado appeals.

## Discussion

■ The decision whether to grant a motion for a continuance is within the trial court's discretion and will not be disturbed on appeal absent a clear showing of abused discretion. (*Foster* v. *Civil Service Com.* (1983) 142 Cal.App.3d 444, 448 [190 Cal.Rptr. 893].) ■ Jurado contends—and we agree—that an abuse of discretion has been shown. We know of no requirement (and none is cited by Toys "R" Us) that an attorney is required to do more than was done in this case.

Section 595.4 of the Code of Civil Procedure[1] provides that a motion "to postpone a trial on the ground of the absence of evidence can only be made upon affidavit showing the materiality of the evidence expected to be obtained, and that due diligence has been used to procure it. The court may require the moving party, where application is made on account of the absence of a material witness, to state upon affidavit the evidence which he expects to obtain; and if the adverse party thereupon admits that such

---

[1]All section references are to the Code of Civil Procedure. All rule references are to the California Rules of Court.

evidence would be given, and that it be considered as actually given on the trial, or offered and overruled as improper, the trial must not be postponed."

 The affidavit requirement is not jurisdictional and may be excused (as it was, by implication, in this case) by the trial court's acceptance of counsel's oral representations in open court. (*Taylor* v. *Bell* (1971) 21 Cal.App.3d 1002, 1008 [98 Cal.Rptr. 855].)[2]

A motion for a continuance made before trial should not be granted absent an affirmative showing of good cause as defined by the Standards of Judicial Administration in section 9 of Division 1 of the appendix to the California Rules of Court. (Rule 375(a).) Subdivision (3)(ii) of section 9 (Policy Regarding Continuances in the Superior Court) recommends that, "under normal circumstances," the unavailability of a witness should be considered good cause for granting a continuance of a trial date "where the witness has been subp[o]enaed . . . and his absence is due to an unavoidable emergency that counsel did not know and could not reasonably have known at the time of the pretrial or trial setting conference."

The November 12 trial date was set when the July trial date was continued, and Virden promptly had both doctors served with subpoenas. Although it does not appear that an "emergency" prevented either doctor from appearing, their failure to respect the subpoenas created a situation which could not have been known or anticipated by Virden and clearly fell within the spirit, if not the letter, of the rules.

Virden reasonably followed up on the subpoenas and, under the circumstances of this case, exercised due diligence. Indeed, it was when he called to remind Dr. Rabinovich of the November 12 trial date that Virden discovered the doctor was in Europe. And Virden tried to follow up with Dr. Collins but was unable to locate him because he had moved his offices without leaving a forwarding address or telephone number. The trial court thought counsel could have done more, and suggested he should have attempted to trace Dr. Collins through the Medical Board of California and should have made an earlier effort to contact Dr. Rabinovich so that his vacation plans would have earlier been discovered and resulted in an earlier request for a continuance. We disagree.

We have found only one case involving a request for a continuance based on a subpoenaed nonparty witness's failure to appear (perhaps because continuances are routinely granted when this happens). In *Broadwell* v.

---

[2]It is clear from the record before us that Virden's representations about what he did to follow up with the doctors were not disputed. Similarly, it was essentially undisputed that the doctors' testimony was material and admissible.

*Ryerson* (1948) 85 Cal.App.2d 352 [192 P.2d 797], a witness to an auto accident was subpoened to appear at trial. She left town a few days before she was due in court and did not make it back on time. (*Id.* at p. 357.) This was brought to the court's attention midtrial and a one-day continuance was requested. The request was denied. The Court of Appeal found an abuse of discretion, commenting that, "[w]ith the courts overflowing with work, a trial judge with an open day on his calendar, and who wished to employ it to advantage, should not find it necessary to remain idle. Plaintiff's attorneys were not to blame for the unfortunate situation. The blame rested entirely upon the witness." (*Ibid.*) Nothing in the intervening 45 years has affected the validity of this holding.[3]

Since Jurado's attorney had every right to believe Dr. Rabinovich would obey a duly served subpoena, he had no reason to spend time or money attempting to track down Dr. Collins (who was no longer the treating physician and would not in any event have been able to testify about Jurado's current condition). This was a simple slip-and-fall case (it had been arbitrated and was before the superior court only because Toys "R" Us requested a trial de novo), not a major medical malpractice action or anything else justifying the kind of attention the trial court thought necessary. In light of Dr. Rabinovich's willingness to disregard the subpoena, we do not consider it likely that an earlier call would have affected his travel plans. To the extent an earlier contact might have permitted an earlier motion for a continuance, we fail to see what difference it would have made. If the request would have been well taken a week or two earlier, it was well taken on November 12. There is no hint in the record of any prejudice to Toys "R" Us, in November or at any time.

On these facts, the trial court's refusal to grant a brief continuance was an abuse of discretion. We note, however, that we do not intend by this opinion

[3]See also *Pacific Gas etc. Co.* v. *Taylor* (1921) 52 Cal.App. 307 [198 P. 651] (it is a reversible abuse of discretion to refuse a continuance requested on the ground the defendant was detained out of state by a serious illness and was the only person familiar with the facts constituting his defense); *Betts Spring Co.* v. *Jardine M. Co.* (1914) 23 Cal.App. 705 [139 P. 657] (it is a reversible abuse of discretion to refuse a continuance requested on the ground the defendant, the only witness able to prove his defense, was out of the country due to illness and there was no intimation of bad faith or prejudice to the plaintiff by reason of a two-month delay); compare *Midwest Television, Inc.* v. *Scott, Lancaster, Mills & Atha, Inc.* (1988) 205 Cal.App.3d 442, 456-457 [252 Cal.Rptr. 573] (no abuse of discretion in denying midtrial request for continuance because witness who failed to appear could have been, but was not, subpoenaed to ensure her availability); *Cade* v. *Mid-City Hosp. Corp.* (1975) 45 Cal.App.3d 589, 599-600 [119 Cal.Rptr. 571] (no abuse of discretion in denying continuance based on illness of one of several experts whose testimony the court determined to be redundant); *Baker* v. *Berreman* (1943) 61 Cal.App.2d 235 [142 P.2d 448] (failure to request a continuance on the ground that a material witness has become unavailable bars the party from raising the point for the first time on a motion for a new trial).

to promote a casual attitude by attorneys about their witnesses. If (after appropriate notice and based on facts which do not appear in this record) the trial court concluded Virden's trial preparation was sufficiently inadequate to suggest a bad faith effort to delay the proceedings, an award of sanctions payable by Virden to Toys "R" Us for its attorney fees incurred by a wasted court appearance could have appropriately addressed that issue without depriving Jurado of her day in court. (§ 128.5.) If a continuance had been granted, Dr. Rabinovich would have appeared (if not voluntarily, by issuance of a body attachment) and the trial court would have had the opportunity to place the blame for this fiasco where it belonged. In short, there were other less drastic and more appropriate means to redress the situation and the trial court's refusal to trail the case for a few days was an abuse of discretion.

## DISPOSITION

The order is reversed. Jurado is entitled to recover her costs of appeal.

Masterson, J., concurred. Ortega, Acting P. J., concurred in the judgment only.

Respondent's petition for review by the Supreme Court was denied April 14, 1993.