Filed 10/4/13  Casello & Lincoln v. Tong CA4/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| CASELLO & LINCOLN, | |
| Plaintiff and Respondent, | G046566 |
| v. | (Super. Ct. No. 07CC12396) |
| TU MY TONG, | O P I N I O N |
| Defendant and Appellant. | |

Appeal from a judgment of the Superior Court of Orange County, Steven L. Perk, Judge.  Affirmed.

Tu My Tong, in pro. per., for Defendant and Appellant.

Casello & Lincoln and James H. Casello for Plaintiff and Respondent.

\*        \*        \*

A jury awarded plaintiff Casello & Lincoln damages in the amount of $87,765 in this attorney fee collection action against defendant Tu My Tong.[1]  Tong appeals the judgment, but her opening brief is incoherent (Tong did not file a reply brief).  Tong fails to clearly identify alleged errors by the court.  She also fails to provide legal citations and analysis to support her contentions of error (to the extent such alleged errors can be identified).  Tong fails to cite to the record to support most of her factual assertions.  Most of the asserted facts in the opening brief have nothing to do with the legal issues that can be identified.  Tong's appendix does not include page numbers on most pages, making it difficult to find the evidence to which the brief cites (when it actually does so).  To the extent we can discern Tong's contentions, they are unmeritorious.  We therefore affirm the judgment.

FACTS

As explained in *Casello & Lincoln v. Tong* (June 25, 2010, G041271 [nonpub. opn.] (*Casello I*), "this is a debt collection case.  The debt in question arose out of [Tong's] retention of, in early 2007, the law firm of Casello & Lincoln to defend her in two Los Angeles cases . . . .  In late 2007, Casello & Lincoln filed this action against Tong for the unpaid balance of their fees, about $82,000.  Tong, then represented by counsel . . . , responded in January 2008 with a cross-complaint for legal malpractice, the basic theories being that the firm overbilled for their work and dismissed claims against certain defendants . . . that they should not have."  In *Casello I*, we reversed a 2008 judgment in Casello & Lincoln's favor because the trial court abused its discretion by not granting a continuance to Tong to allow her time to recover her legal file from an

---

[1]  Judgment was entered in favor of Casello & Lincoln in the amount of $12,518.68 after the court took into account costs, interest, and amounts already collected by Casello pursuant to a prior judgment that was subsequently reversed.

attorney who was arrested just before the trial began. We refer the parties to *Casello I* for further discussion of what occurred prior to our reversal of the judgment and our rationale for reversing the first judgment.

On remand, a three day jury trial commenced on January 31, 2012. Attorney James Casello testified that Tong signed his firm's standard representation agreement in February 2007. Casello authenticated an exhibit setting forth billing summaries for all the matters worked on during his firm's representation of Tong; Tong "never disputed any of them until we stopped representing her." Casello also authenticated copies of all the invoices for the four matters. These exhibits were received into evidence, although they are not included with the appellate record. Casello also noted that a "jade" (as alleged by Tong) plaque given to him by Tong was a gift for his family after winning a trial for Tong and not a payment of attorney fees.

## DISCUSSION

"'A judgment . . . is *presumed correct*. All intendments and presumptions are indulged to support it on matters as to which the record is silent, and error must be affirmatively shown. This is not only a general principle of appellate practice but an ingredient of the constitutional doctrine of reversible error.'" (*Denham v. Superior Court* (1970) 2 Cal.3d 557, 564.) "'A necessary corollary to this rule is that if the record is inadequate for meaningful review, the appellant defaults and the decision of the trial court should be affirmed.'" (*Gee v. American Realty & Construction, Inc.* (2002) 99 Cal.App.4th 1412, 1416.) To demonstrate prejudicial error, an appellant must provide an adequate record of the trial court proceedings and include specific page citations in its briefs illustrating the error. (*Aguilar v. Avis Rent A Car System, Inc.* (1999) 21 Cal.4th 121, 132; *Duarte v. Chino Community Hospital* (1999) 72 Cal.App.4th 849, 856.) Issues not specifically raised at trial are forfeited on appeal. (*Premier Medical*

*Management Systems, Inc. v. California Ins. Guarantee Assn.* (2008) 163
Cal.App.4th 550, 564.)  Moreover, issues not specifically raised in the appellate briefs are
waived.  (*Roberts v. Assurance Co. of America* (2008) 163 Cal.App.4th 1398, 1410.)

For the reasons noted above in the introduction to this opinion, this court
would be justified if it affirmed the judgment without any further analysis.  Tong's brief
and appendix fail to meet the minimal standards required by the appellate process.
Nevertheless, to the extent we can divine Tong's arguments, we will address them.

With regard to a claim that the evidentiary record is insufficient to support
factual findings underlying the judgment, we apply the substantial evidence standard of
review.  "Under the substantial evidence standard of review, 'we must consider all of the
evidence in the light most favorable to the prevailing party, giving it the benefit of every
reasonable inference, and resolving conflicts in support of the [findings].  [Citations.]  [¶]
It is not our task to weigh conflicts and disputes in the evidence; that is the province of
the trier of fact. Our authority begins and ends with a determination as to whether, on the
entire record, there is *any* substantial evidence, contradicted or uncontradicted, in support
of the judgment.'"  (*ASP Properties Group, L.P. v. Fard, Inc.* (2005) 133
Cal.App.4th 1257, 1266.)

To the extent Tong is making an argument that there is insufficient
evidence supporting the judgment (e.g., the evidence does not support the award of
damages against her, the jury's implied finding that the "jade" plaque was a gift to
Casello, the legitimacy of the agreement relied on by Casello & Lincoln, and the defense
verdict on Tong's claims against Casello & Lincoln), we reject Tong's argument.  The
jury was entitled to credit the testimony of Casello and the exhibits put forward by
Casello in support of Casello & Lincoln's claims.  The jury was entitled to reject Tong's
testimony to the contrary.

To the extent Tong is contending the court erred by not granting a
continuance to allow her more time to secure the appearance of an expert at trial, it is

4

unclear whether Tong actually requested a continuance. Even if it is assumed that she requested a continuance, there is no showing that the court abused its discretion in refusing a further delay of this matter to accommodate Tong's failure to secure the presence of her own expert witness at trial. (*Jurado v. Toys "R" Us, Inc.* (1993) 12 Cal.App.4th 1615, 1617 [decision to grant or deny continuance "will not be disturbed on appeal absent a clear showing of abused discretion"].)

To the extent Tong is contending money collected pursuant to the first judgment should have been returned to her following the reversal of the first judgment, the issue is moot. The prior collection of funds by Casello & Lincoln from Tong pursuant to the first judgment was offset by the court when it entered the second judgment.

Tong implies that the jury, not the court, should have been tasked with awarding interest to Casello & Lincoln, but she cites authorities applicable to non-contract claims. (Civ. Code, § 3288; *Barry v. Raskov* (1991) 232 Cal.App.3d 447, 457.)

DISPOSITION

The judgment is affirmed. Casello & Lincoln shall recover costs incurred on appeal.

IKOLA, J.

WE CONCUR:

RYLAARSDAM, ACTING P. J.

FYBEL, J.

5