Filed 2/18/14  Tong v. Hakim CA2/2

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| TU MY TONG,<br><br>    Plaintiff and Appellant,<br><br>    v.<br><br>ALFRED HAKIM,<br><br>    Defendant and Respondent. | B237890<br><br>(Los Angeles County<br>Super. Ct. No. BC406179) |

APPEAL from a judgment of the Superior Court of Los Angeles County. Ralph W. Dau, Judge.  Affirmed.

To My Tong, in propria persona, for Plaintiff and Appellant.

Alfred Hakim, in propria persona, for Defendant and Respondent.

* * * * * *

Tu My Tong (appellant), in propria persona, appeals from a judgment entered after the trial court granted a nonsuit in favor of respondent, Alfred Hakim (respondent), on a legal malpractice complaint. Appellant claims the trial court abused its discretion in denying her a one-day continuance to present expert witness testimony on the legal malpractice claim. We affirm.

### FACTUAL AND PROCEDURAL HISTORY

The record on appeal is sparse and incomplete.[1] The following is gleaned from appellant's opening brief on appeal and the clerk's and reporter's transcripts. On January 26, 2009, appellant sued respondent for malpractice in handling a fee dispute between her and her former attorney Fred Rucker (Rucker). The fee dispute, which was submitted to mandatory arbitration, resulted in a $35,000 award in Rucker's favor.

On September 9, 2011, appellant, who was then represented by counsel, requested that the trial court continue the trial date to September 23, 2011. On September 23, 2011, appellant's counsel moved to withdraw from the case. The trial court granted the motion. Apparently, after appellant became violent, the trial court had the bailiff remove appellant from the courtroom.

A jury trial of the malpractice claim began on November 28, 2011. After appellant made an opening statement, she testified in a narrative form concerning her theories of malpractice. Appellant testified that Rucker had overcharged her for several legal matters. According to appellant, she paid Rucker a $15,000 retainer. Rucker subsequently represented appellant in settling a legal dispute with a party named William Brownstein for $25,000. Rucker took the entire $25,000 settlement as part of his fees. He then claimed he was owed additional fees. Those fees were the subject of the mandatory arbitration proceeding.

Appellant hired respondent to represent her in the attorney fee dispute with Rucker. Appellant told respondent that she wanted a jury trial; however, he advised her

---

[1] On May 2, 2013, after filing the opening brief, appellant filed a document entitled "Appellant's Augment Opening Brief," which contained a number of papers. We ordered the brief or motion stricken as untimely and improper.

2

that the matter was subject to arbitration. Appellant gave respondent a number of documents to support her theory that she did not owe any additional attorney fees to Rucker. However, respondent did not present any evidence at the arbitration. Appellant testified that respondent should have presented evidence that Rucker only worked two months and was not owed additional fees.

Appellant also testified that Rucker had her falsely arrested for attacking a messenger. Respondent failed to object when the arbitrators refused to allow a translator to continue translating for appellant during the arbitration due to the noise level.

Appellant testified that she kept complaining during the arbitration. The arbitrators "kicked" her out of the room advising her that she was not allowed to talk because she was represented by counsel. As a result, appellant did not know what happened during the arbitration. Appellant testified that respondent abandoned her after a $35,000 arbitration award was rendered in favor of Rucker. Respondent refused to file objections to the award.

Appellant called Loi Nguyen to testify that appellant was excluded from the arbitration. He observed appellant crying after she was excluded from the hearing.

At the conclusion of testimony on November 28, 2011, the trial court adjourned the proceedings until Tuesday, November 29, 2011 at 9:30 a.m. When the proceedings resumed the next day, the trial judge admonished appellant because she was 20 minutes late and had kept 14 jurors waiting. When instructed to call her next witness, appellant indicated that she had told the witness to be present at 10:00 or 11:00 a.m. The trial judge reminded appellant that the proceedings were scheduled to start at 9:30 a.m. Appellant stated that the witness needed "to get off of work." The trial court then inquired if the witness was waiting outside the courtroom. An assistant clerk indicated that the witness was not outside. The trial judge indicated that it was already 10:00 a.m., therefore, the trial court was not going to wait because everyone else was ready to proceed.

Appellant reiterated that she had told the witness to come to court at 10:00 or 11:00 a.m. The trial court responded: "Well, we do not go by your time schedule. We

3

have 14 jurors here. They have been here since 9:30 this morning waiting on you. Now it's 7 minutes after 10:00, and you don't have a witness." The trial court then indicated that appellant had five witnesses on the list, including herself. Appellant stated that her expert witness had said he was not available until the following day. The trial court responded: "Well, that's too bad. The trial is going on today, Miss Tong. We don't go by your schedule. You must have your witnesses here." Appellant indicated the expert witness wrote "a letter to me yesterday" stating he could not come on Monday. The trial court advised appellant that it was up to her to subpoena the expert witness because he did not get to decide when he would testify. The trial court stated: "If you have no witnesses, we're not waiting any longer." Appellant subsequently stated that she had not subpoenaed any of her witnesses. Respondent's counsel stated that appellant had previously represented that the expert witness would testify on Monday, then Tuesday and "now it's Wednesday."

The trial court advised appellant that it was 40 minutes after the proceedings were set to start. Because appellant had no more witnesses, the trial court found that appellant had rested. Respondent then moved for a nonsuit on the ground appellant failed to provide expert witness testimony as to the standard of care and whether or not respondent failed to meet that standard of care.

In ruling on the nonsuit motion, the trial court explained: "You have not shown that the case didn't belong in arbitration. You have not shown by any evidence that a better result would have been obtained but for [respondent's] action or inaction. You have not shown that [Rucker] billed you too much money. You have not shown how much work [Rucker] did or didn't do, or what the fair value of the work was." The trial court further stated: "You were not present in the arbitration. You told us yesterday you were excluded, and you don't know what happened there, so you don't know what [respondent] did to defend you in the arbitration. You have not shown by any evidence that you had a defense to [Rucker's] claim in the arbitration. And the criminal case has nothing to do with [respondent]." The trial court then granted nonsuit and ordered the case dismissed. Appellant filed a notice of appeal on December 1, 2011.

4

## DISCUSSION

Appellant claims the trial court abused its discretion in failing to continue the trial before granting the motion for nonsuit after her expert witness could not appear on the second day of trial. A party's application for a continuance is addressed to the trial court's sound discretion. Appellate courts will not disturb their ruling except upon a clear showing the trial court abused its discretion. (*Jurado v. Toys "R" Us, Inc.* (1993) 12 Cal.App.4th 1615, 1617.)

California Rules of Court, rule 3.1332 allows a trial court to grant continuances upon a showing of good cause; but no such showing was made. Appellant offered no explanation as to why the expert witness was not available to testify on the court's scheduled trial dates. The only explanation proffered by appellant was that she received a letter from the expert witness on the first day of trial indicating he could only testify on Wednesday. But, the evidence does not show what, if anything, appellant did to ensure the expert witness's presence including serving a subpoena. A trial court does not abuse its discretion in refusing to grant a continuance to produce witnesses, who have not been subpoenaed. (Cal. Rules of Court, rule 3.1332; *Kramer v. Kramer* (1961) 197 Cal.App.2d 727, 731.) Similarly, the trial court did not abuse its discretion given the absence of any evidence the expert witness was unavailable other than appellant's representation. (See *Pham v. Nguyen* (1997) 54 Cal.App.4th 11, 18 [denial of continuance request based on unavailability of expert witness was not an abuse of discretion where party failed to subpoena witness and offered no real evidence of unavailability].)

Furthermore, the trial court's ruling was based on other evidence showing appellant did not act with diligence or was dilatory in assuring her witnesses were present on the second day of trial. The trial court granted nonsuit only after appellant failed to have any witnesses available to call on the second day of a jury trial. In addition to not having witnesses ready to proceed, appellant appeared 20 minutes late for the trial, which was scheduled to begin at 9:30 a.m. After appellant arrived late, the trial court instructed her to call the next witness. Rather than calling a witness, appellant advised the trial

5

court she told her next witness to come to court around 10:00 or 11:00 a.m. Furthermore, the witness had to leave his job before appearing in court. The trial court then asked appellant if she had any other witnesses who were available to testify. The trial court also queried whether appellant had served subpoenas on her witnesses. Appellant advised the trial court that she had not served any subpoenas; and that her expert witness was not available to testify until the following day. Under the circumstances, the trial court acted well within its discretion to denying appellant a continuance.

## DISPOSITION

The judgment is affirmed. Respondent is awarded his costs on appeal.

<u>NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS</u>.


_____, J. *
                          FERNS

We concur:


_____, P. J.
        BOREN


_____, J.
        ASHMANN-GERST


_____

*       Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.