Filed 12/22/14  Cypress Center Holding v. Polny CA4/3

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

### IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

### FOURTH APPELLATE DISTRICT

### DIVISION THREE

| | |
|---|---|
| CYPRESS CENTER HOLDING LLC, | |
| Plaintiff and Respondent, | G049303 |
| v. | (Super. Ct. No. 30-2012-00544929) |
| BOHDAN STEPHEN POLNY, | O P I N I O N |
| Defendant and Appellant. | |

Appeal from a judgment of the Superior Court of Orange County, Gregory H. Lewis, Judge; Robert D. Monarch, Judge (retired judge of the Orange Super. Ct. assigned by the Chief Justice pursuant to art. VI, § 6 of the Cal. Const.).  Affirmed.

Bohdan Stephen Polny, in pro. per., for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

\*          \*          \*

Defendant Bohdan Stephen Polny (Polny) appeals a judgment against him in the amount of $222,212.32, plus attorney fees and costs.  Polny contends the court erred by overruling his demurrer to the operative complaint, denying his motion to continue the trial to allow him to obtain legal counsel, and entering judgment (following a bench trial) that did "not take into consideration the totality of [the] circumstances and the facts and evidence available to the court at the time of trial."  We affirm.

FACTS

Plaintiff Cypress Center Holding LLC (Cypress) sued Polny and Gina Marie Polny for breach of lease.  A copy of the commercial lease was appended to the operative complaint, pursuant to which defendants' predecessor-in-interest agreed to pay rent to Cypress's predecessor-in-interest for the use of the leased premises.  Cypress alleged that defendants failed to pay rent under the lease and abandoned the premises after an unlawful detainer action was initiated.  Cypress requested in excess of $225,000, plus interest, attorney fees, and costs.

Polny demurred on the grounds that Cypress did not have the legal capacity to sue, the complaint failed to state a cause of action, and Cypress's attorney had not established an agency relationship with Cypress.  Polny's two-page argument section focused solely on the idea that Cypress's attorney was not shown to be in a sufficient agency relationship with Cypress to file the complaint.  The court overruled the demurrer in July 2012.

Trial commenced on August 19, 2013.  Three days before, Polny filed a motion for a continuance (styled as a motion in limine).  Polny suggested he needed additional time to "obtain competent legal counsel, conduct discovery and prepare for trial on the merits."  Polny asserted his motion could not have been filed earlier due to his involvement in multiple court cases.  The court denied the motion.

2

The bench trial was brief and featured only three witnesses. Dinny Shryock worked for a firm that managed the shopping center in which the leased property was sited. As the custodian of records, Shryock authenticated the lease and various amendments thereto, including an assignment of the lease to defendants. Shryock also testified regarding exhibits prepared that calculated the rent owed by defendants, including $71,615.79 for "future" losses (discounted to present value) and $150,596.53 for "past" losses (including interest). Chris Walton, a leasing agent with Cushman & Wakefield, testified regarding Cypress's unsuccessful efforts to mitigate damages by leasing the abandoned premises.

Polny was sworn in to testify, but his statements were more in the nature of legal argument. He asserted the business environment changed and claimed economic impossibility excused nonpayment of rent. Polny claimed the lease admitted at trial was a copy and that the lack of an original lease precluded the lawsuit. Polny also took issue with Walton's testimony during cross-examination regarding additional documentation he had not brought to court; Polny claimed there was "no proof" these documents existed.

The court entered judgment awarding Cypress its requested damage amount of $222,212.32 against Polny and Gina Marie Polny.

DISCUSSION

Polny's appeal lacks merit. His appellate brief does not actually identify the supposed reason the court should have sustained his demurrer. Polny's argument below demonstrates his fundamental lack of understanding of California procedure. An attorney, by necessity, filed Cypress's operative complaint for breach of lease. (*Merco Constr. Engineers, Inc. v. Municipal Court* (1978) 21 Cal.3d 724, 728-731 [aside from small claims, entities must hire a lawyer to represent them in California courts].) A defendant is not entitled to proof of the agency relationship between a plaintiff and its

3

attorney as a condition precedent to the commencement of a lawsuit. The court properly overruled Polny's demurrer.

The court was within its discretion in denying Polny's motion to continue the trial. (See *Jurado v. Toys "R"Us, Inc.* (1993) 12 Cal.App.4th 1615, 1617 [decision to grant or deny continuance "will not be disturbed on appeal absent a clear showing of abused discretion"].) This simple breach of lease case had been pending for more than one year. Polny represented himself throughout this case, and did not demonstrate any prior effort to retain counsel. Nor did Polny identify particular discovery or trial preparation that he needed to complete. His request for a continuance could fairly be construed as a delaying tactic.

Finally, the amount of damages awarded was supported by substantial evidence. Both the lease and Civil Code section 1951.2 authorized the damages awarded by the court. Polny makes no effort in his brief to show otherwise, instead generally referencing the perceived injustice of the award in a half-page section of his brief. We sympathize with Polny's business misfortunes, but affirm the judgment.


DISPOSITION


The judgment is affirmed. Cypress shall recover costs incurred on appeal.



IKOLA, J.

WE CONCUR:


BEDSWORTH, ACTING P. J.


MOORE, J.


4