Filed 6/11/18; pub. order 7/6/18 (see end of opn.)

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

|  |  |
|---|---|
| MANMEET S. PADDA et al., | |
| Petitioners, | E070522 |
| v. | (Super.Ct.No. MCC1400959) |
| THE SUPERIOR COURT OF RIVERSIDE COUNTY, | OPINION |
| Respondent; | |
| GI EXCELLENCE, INC., et al., | |
| Real Parties in Interest. | |

ORIGINAL PROCEEDINGS; petition for writ of mandate/prohibition. Raquel A. Marquez, Judge. Petition is granted.

Stevens Law, Margaret P. Stevens and Emily J. Atherton; Greines, Martin, Stein & Richland, Robin Meadow, for Petitioners.

No appearance for Respondent.

Johnson Law Firm and J. Craig Johnson, for Real Parties in Interest.

1

In this matter, we have reviewed the petition, its exhibits, and the letter response filed by real parties in interest (hereafter real parties). We have determined that resolution of the matter involves the application of settled principles of law, and that the equities favor petitioners. We conclude that issuance of a peremptory writ in the first instance is therefore appropriate. (*Palma v. U.S. Industrial Fasteners*, *Inc.* (1984) 36 Cal.3d 171, 178.)

I.

DISCUSSION

This case arises from employment-related contract disputes. In 2013, petitioners, who are gastroenterologists, were recruited by real parties, GI Excellence, to work as physicians in real parties' gastroenterology service in Temecula, California. They each entered into separate physician recruitment agreements and physician employment agreements. The relationships did not last long. The two petitioners became dissatisfied with their conditions of employment and compensation. They resigned in April and May 2014. Real parties sued them in separate actions for breach of the employment and recruitment contracts and other claims. Petitioners separately cross-complained for breach of contract, fraud, violation of Labor Code section 970, and other cross-claims. The cases were consolidated and transferred to the Southwest Justice Center in Murrieta in December 2015. Given that the consolidated complaint and cross-complaint involve the intricacies of gastroenterology medical and business practices, each side designated gastroenterology expert witnesses to testify. Real parties designated their own members,

2

Milan S. Chakrabarty, M.D., and Indraneel Chakrabarty, M.D. Petitioners designated

Dr. Richard Corlin. The litigation has proceeded for about four years, with at least four

trial continuances over the past year. Most recently, trial was set to commence May 21,

2018.

On May 9, 2018, Dr. Corlin felt a sharp pain in his side while working on his

house. An ultrasound performed by his doctor revealed an apparent tumor in his kidney.

A urologist, Dr. Linehan, advised him to cancel his existing commitments and prepare for

surgery, which was scheduled initially for May 14. Subsequent tests on May 11 and 12

revealed that it was not a tumor but a ruptured hemorrhagic cyst affecting the kidney and

pancreas. This will require aspiration and re-evaluation. While the more invasive

planned surgery is no longer necessary, the urologist anticipates that treatment and a full

recovery will take about six weeks. During that time, she advised Dr. Corlin (and

informed the superior court) that he should not participate in trial as an expert witness or

be deposed. Real parties had not yet deposed Dr. Corlin—his deposition was set the

week prior to trial, the week in which his condition was discovered—so there was no

deposition testimony that could have been used at trial in place of his live expert

testimony. Petitioners filed their ex parte application for continuance of the May 21 trial

on May 14, 2018. Real parties filed an "opposition," which in fact recognized the

likelihood that Dr. Corlin would be unavailable for a May 21 trial, and possibly for

longer than six weeks after treatment. Their main concern was the impact on patient

scheduling unless a plan for a continuance, and the possible replacement of Dr. Corlin, could be effected quickly.

The superior court denied the ex parte application for continuance on May 16. Petitioners filed the instant petition for writ of mandate and/or prohibition on May 17, 2018, requesting an immediate stay of trial while the petition was being considered. Also on May 17, real parties filed an informal letter response. We issued an order on May 18, 2018, staying the May 21, 2018 trial and any proceeding requiring the participation of Dr. Corlin pending determination of the petition. Given that real parties had provided an informal response, we included a notice pursuant to *Palma v. U.S. Industrial Fasteners, Inc.*, *supra*, 36 Cal.3d at pp. 178-179, that a peremptory writ may issue and giving the parties until May 29, 2018, to file any opposition. None has been filed.

"A motion to postpone a trial on the ground of the absence of evidence can only be made upon affidavit showing the materiality of the evidence expected to be obtained, and that due diligence has been used to procure it. The court may require the moving party, where application is made on account of the absence of a material witness, to state upon affidavit the evidence which he expects to obtain; and if the adverse party thereupon admits that such evidence would be given, and that it be considered as actually given on the trial, or offered and overruled as improper, the trial must not be postponed." (Code Civ. Proc., § 595.4; *Jurado v. Toys "R" Us, Inc.* (1993) 12 Cal.App.4th 1615, 1617-1618 (*Jurado*).) The affidavit requirement is not jurisdictional and may be excused. (*Jurado*, at p. 1618, citing *Taylor v. Bell* (1971) 21 Cal.App.3d 1002, 1008.) Here, petitioners

4

formally filed an ex parte application for a continuance of trial immediately after learning of Dr. Corlin's medical status, supported by declarations and the nature and importance of his testimony to both their case in defense and case-in-chief on their cross-complaint. Real parties filed an opposition, but only to suggest an alternative means to continue the trial and ensure that Dr. Corlin, or a replacement, would be available to testify after a reasonable continuance. They did not admit the content of Dr. Corlin's expected testimony. That satisfies Code of Civil Procedure section 595.4.

Generally, a trial court abuses its discretion when it denies a request for continuance of trial due to the absence of a properly called and subpoenaed witness. (*Jurado*, *supra*, 12 Cal.App.4th at pp. 1619-1620 & fn. 3, citing in part, *Pacific Gas & Electric Co. v. Taylor* (1921) 52 Cal.App. 307 [it is a reversible abuse of discretion to refuse a continuance requested on the ground the defendant was detained out of state by a serious illness and was the only person familiar with the facts constituting his defense]; *Betts Spring Co. v. Jardine Machinery Co.* (1914) 23 Cal.App. 705 [it is a reversible abuse of discretion to refuse a continuance requested on the ground the defendant, the only witness able to prove his defense, was out of the country due to illness and there was no intimation of bad faith or prejudice to the plaintiff by reason of a two-month delay].)

Here, the superior court expressed concern over the impact on patients being treated by physician parties and witnesses and the scheduling difficulties attendant to a continuance, as well as the age of the case and prior continuances. Nonetheless, the superior court recognized that "a continuance is normally appropriate when an

5

unexpected illness renders an expert witness unavailable on the eve of trial[.]" The superior court's alternative would have trial commence as set on May 21, 2018, to be interrupted virtually immediately by the trial judge allowing time for petitioners to seek, retain, educate, and present a new expert witness, with the associated disruption in the trial, patient support, and impact on sitting jurors. Notably, this option would create the very disruption in patient support that real parties' opposition sought to avoid. This is borne out in real parties' informal letter brief to this court, in which they state that the plan the superior court's order would put in place "causes the uncertainty that real parties sought—and now seek—to avoid" and that the certainty in patient scheduling and continuity of care would be undermined by the plan. While real parties are hardly happy with the prospect of a continuance, they tacitly endorse a continuance "for at least six weeks" beginning immediately, fearing that commencing trial only to pause it while a replacement expert witness is sought would be the less desirable result.

Petitioners contend that their defense and cross-complaint would be rendered ineffective absent Dr. Corlin's testimony, and that it would be extremely difficult to find a replacement expert under the circumstances. We recognize the superior court's assessment that it may not be that difficult to find a replacement, and its inherent power to manage its docket. (*People v. Engram* (2010) 50 Cal.4th 1131, 1146.) However, the eve of trial impact on petitioners' ability to present their case is an untenable burden and a distraction during a high-tempo proceeding.

Accordingly, we have determined that the trial court abused its discretion in denying petitioners' request for a continuance, and that the petition should be granted.

II.

DISPOSITION

Let a peremptory writ of mandate issue, directing the Superior Court of Riverside County to vacate its order of May 16, 2018, in Riverside Superior Court case No. MCC1400959, denying petitioners' ex parte application for a continuance of the trial, and to enter a new and different order granting the request. The temporary stay imposed by this court is LIFTED. Each party to bear their own costs.

Petitioner is directed to prepare and have the peremptory writ of mandate issued, copies served, and the original filed with the clerk of this court, together with proof of service on all parties.

RAMIREZ _____
P. J.

We concur:

SLOUGH _____
J.

FIELDS _____
J.

7

Filed 7/6/18

**CERTIFIED FOR PUBLICATION**

**IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA**

**FOURTH APPELLATE DISTRICT**

**DIVISION TWO**

| | |
|---|---|
| MANMEET S. PADDA et al.,<br>    Petitioners, | E070522 |
| v. | (Super.Ct.No. MCC1400959) |
| THE SUPERIOR COURT OF<br>RIVERSIDE COUNTY,<br>    Respondent; | ORDER CERTIFYING OPINION<br>FOR PUBLICATION |
| GI EXCELLENCE, INC. et al.,<br>    Real Parties in Interest. | |

_____

THE COURT

A request having been made to this court pursuant to California Rules of Court, rule 8.1120(a), for publication of a nonpublished opinion heretofore filed in the above matter on June 11, 2018, and it appearing that the opinion meets the standard for publication as specified in California Rules of Court, rule 8.1105(c),

IT IS ORDERED that said opinion be certified for publication pursuant to California Rules of Court, rule 8.1105(c).

RAMIREZ _____
P. J.

SLOUGH _____
J.

FIELDS _____
J.

8