Filed 10/24/24  Estate of Parsons CA2/7

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION SEVEN

| | |
|---|---|
| Estate of JOHN WHITESIDE PARSONS, Deceased. | B327202 |
| | (Los Angeles County Super. Ct. No. 21STPB07497) |
| JOSEPH L. MCCLORY, Petitioner and Appellant, v. SCOTT HOBBS, Objector and Respondent. | |

APPEAL from an order of the Superior Court of Los Angeles County, Brenda Penny, Judge.  Affirmed.

Joseph L. McClory, in propria persona, for Petitioner and Appellant.

No appearance for Objector and Respondent.

————————————————

# INTRODUCTION

In August 2021, Joseph L. McClory filed a petition in propria persona to probate the will of John Whiteside Parsons, who died in 1952. The probate court granted McClory three continuances, totaling approximately one year, to address deficiencies in the petition. When another party objected to the probating of the will, the probate court granted the objector and McClory two additional continuances to address pleading deficiencies, which together totaled four months.

In December 2022, at the final hearing on the matter, McClory explained that he had not served all interested parties with 15 days' notice of the hearing in accordance with Probate Code section 8110 due to certain issues with his process server.[1] McClory also acknowledged he had still not appointed a personal representative for Parsons's late wife's estate as the probate court had directed him to do. The court stated it would grant no further continuances for McClory to resolve the deficiencies with his petition and denied it without prejudice.

McClory's sole argument on appeal is that the court should have granted him another continuance to cure the deficiencies with his petition. We conclude that even if the probate court abused its discretion by denying a further continuance, McClory has not demonstrated any prejudice because he may refile his petition. Accordingly, we affirm.

---

[1] Undesignated statutory references are to the Probate Code.

2

## FACTUAL AND PROCEDURAL BACKGROUND

A.    *The Probate Petition*

On August 2, 2021, McClory and Crystal Eve Kimmel filed a petition to probate Parsons's will.[2]  According to the petition, Parsons died in 1952, survived by his mother Ruth Virginia Whiteside and his wife Marjorie E. Cameron.  Cameron died in 1995, survived by Kimmel, her only child.  The petition alleged Parsons possessed personal property valued at $15,950, and it sought to have McClory appointed as executor of Parsons's estate.

B.    *The Pleading Deficiencies and Continued Hearings*

On September 14, 2021, the probate court called a hearing on the petition.  The court advised McClory it had reviewed the petition and identified a number of deficiencies, or "notes," to be "cleared up" before the will could proceed to probate.[3]  The court

---

[2]    The petition was originally filed as a petition for probate of will and for letters testamentary.  When the court pointed out McClory was not the named executor in Parsons's will, McClory redesignated his petition as one for probate of will and for letters of administration with will annexed.  (See § 8440.)

[3]    These probate notes "are available in advance of a hearing in the Probate Division section of the [Los Angeles Superior Court's] website."  (Super. Ct. L.A. County, Local Rules, rule 4.4(a).)  "The 'Matters To Clear' section of the Probate Notes informs the parties of additional documents that are necessary to support judicial consideration of the petition. . . .  If the Probate Notes are not timely cleared, the court will continue the hearing, place the matter off calendar, deny the matter without prejudice, or take other action it deems necessary."  (Super. Ct. L.A. County, Local Rules, rule 4.4(b), (c).)

also stated that the "threshold" for probate is "[$]166,000 plus," but Parsons's estate was only valued around $16,000.[4]  McClory received a continuance until November 16 to address the deficiencies with the petition.

At the next hearing on November 16, the court observed McClory had cleared up five of the outstanding notes and granted another continuance "so you can get the remaining notes addressed."  McClory agreed to return for a hearing on January 13, 2022.

At the third hearing on January 13, McClory had not remedied the remaining issues with his petition that the probate court had identified.  When the court asked about the value of the estate, McClory stated the estate contained no real property, bank accounts, stock, or bonds, but did contain "books" and "a judgment that included a promissory note."  The court agreed to continue the matter and told McClory, "I can give you one final

---

[4]    There is no estate value requirement for the filing of a probate petition or the exercise of probate jurisdiction.  (See § 8002 [detailing "jurisdictional facts" that must be alleged in a probate petition].)  The court appears to refer to section 13100, which allows "the successor of the decedent" to obtain summary administration by affidavit for an estate that "does not exceed one hundred sixty-six thousand two hundred fifty dollars ($166,250)," as adjusted periodically.  (§§ 13100, 13101 [outlining summary administration procedure by affidavit].)  The Probate Code also recognizes other summary administration procedures for small estates.  (See §§ 300 [delivery of undisputed tangible personal property to specified persons], 13200-13210 [transfer of real property of "small value" by affidavit], 13150-13158 [summary court determination of succession to property], 6600-6614 [small estate set-aside to surviving spouse or registered domestic partner and/or minor children].)

continuance because . . . this is the third appearance and the notes aren't cleared up. . . . [I]f the notes are not entirely cleared up, the matter is going to be denied without prejudice."

On the same day, McClory filed a declaration addressing three of the five remaining notes: whether probate was proper for an estate of $16,000; the status of Parsons's mother's estate; and whether Parsons's estate had any creditors or liabilities.

C.      *The Will Contest*

On August 3, 2022, McClory served Scott Hobbs, the executor of Cameron's estate, with notice of his petition to administer Parsons's estate. McClory also published notice of his petition in the Pasadena Press.

The court held its next hearing on August 19. At that hearing, Hobbs appeared, representing the Cameron Parsons Foundation, "a California nonprofit" owning the "intellectual property and intellectual rights" of Parsons and Cameron. Hobbs objected to the will and indicated he would file a will contest. The court instructed him to do so by September 26. The court then ordered the matter continued to October 25.

On October 25, Hobbs did not appear due to a medical emergency. At McClory's request, the court continued the hearing to December 13, 2022. The court ordered Hobbs "to appear on the continued hearing date and have all notes cleared otherwise the Court will overrule the objections and proceed with the petition." The court also advised McClory he still had "notes to clear" relating to the deficiencies with the petition.

D. *Denial of McClory's Petition*

On December 8, McClory filed a declaration with the court explaining his efforts to resolve the three remaining notes regarding the petition. The first note from the court asked, "'What assets exist in this estate that need to be administered?'" McClory asked the court for clarification on how to answer this question.

Second, as to Cameron's personal representative, McClory stated: "[I]f I am appointed as the personal representative of John Whiteside Parsons' estate, I will see to it that a petition is filed so that there is a personal representative appointed for Marjorie Cameron's estate."

Third, McClory addressed the court's instruction to provide "'notice of hearing & copy of petition to County Counsel and Public Administrator.'" McClory declared he had served both documents on these parties on November 30 in advance of the December 13 hearing. McClory further stated, "I learned yesterday that only 13 days' notice . . . was given and that 15 days is required." McClory detailed communication problems with his legal process server due to the Thanksgiving holiday: "[O]n Saturday, November 19 I heard back from my legal process server via email that she would be available on Monday, November 21 and Tuesday, November 22 for legal process serving purposes. I had emailed [the notice documents] to my legal process server at 4:00pm on Monday, November 21 with the expectation that they would be executed no later than Tuesday, November 22. I called her on Wednesday, November 23 and her voicemail message said she would only be available Monday, November 21 that week and would be back the following week."

6

McClory was able to reach his process server on Tuesday, November 29, and she served the required notices on November 30. McClory declared, "[H]ad I been aware that 15 days' notice was required, I would have been on this like a hawk, and likely would have gotten these documents to the legal process server even earlier. But even if I hadn't, what I sent on November 21 (which is 22-23 days before the scheduled hearing and 9 days before she executed them) would still have been long enough in advance of the 15 day requirement."

At the hearing on December 13, the probate court observed "this is the 6th appearance on this case, and we still have notes to clear. So I can't give[] you any[ ]more continuances." The court stated McClory had not identified a personal representative for Cameron's estate or given sufficient 15-day notice to the public administrator and county counsel. The court remarked, "[T]his matter has been pending since August of last year. And there's still no resolution from notes being cleared. I've been trying to . . . give you ample time, but I can't continue it anymore." The court denied McClory's petition without prejudice.

McClory timely appealed.

## DISCUSSION

McClory argues the probate court should have continued the proceedings to allow him to remedy the deficiencies with his probate petition.[5] No respondent's brief was filed.

---

[5] The record does not contain the probate notes on McClory's petition, and to the extent McClory challenges in this appeal the dismissal of his petition on this basis, he has forfeited the

7

A.     *Standard of Review*

A probate court "has a wide discretion in granting or denying a continuance, and its discretion will not be disturbed in the absence of an abuse of discretion." (*Estate of McManus* (1963) 214 Cal.App.2d 390, 398; accord, *Forthmann v. Boyer* (2002) 97 Cal.App.4th 977, 984-985 (*Forthmann*); see § 1045 ["The court may continue or postpone any hearing, from time to time, in the interest of justice."].) "The burden rests on the complaining party to demonstrate from the record that such an abuse [of discretion] has occurred." (*Forthmann*, at p. 985.)

"While it is true that a trial judge must have control of the courtroom and its calendar and must have discretion to deny a request for a continuance when there is no good cause for granting one, it is equally true that, absent [a lack of diligence or other abusive] circumstances . . . a request for a continuance supported by a showing of good cause usually ought to be granted." (*Estate of Meeker* (1993) 13 Cal.App.4th 1099, 1105 (*Meeker*); accord, *Hernandez v. Superior Court* (2004) 115 Cal.App.4th 1242, 1246-1247 (*Hernandez*).) Under the California Rules of Court, rule 3.1332, the court must consider "all the facts and circumstances that are relevant" to the continuance request, including "any previous continuance[s]," "[t]he length of the continuance requested," "[t]he court's calendar," any "prejudice [to] parties or witnesses," "[t]he

_____

argument. (See *Hernandez v. California Hospital Medical Center* (2000) 78 Cal.App.4th 498, 502 ["Failure to provide an adequate record on an issue requires that the issue be resolved against plaintiff."]; *Null v. City of Los Angeles* (1988) 206 Cal.App.3d 1528, 1532 ["an appellant "'must affirmatively show error by an adequate record.'""].)

availability of alternative means to address the problem" giving rise to the request, and "[w]hether the interests of justice are best served by a continuance."[6]  (Rule 3.1332(d), (d)(2), (3), (4), (5), (7), (10).)  Rule 3.1332 provides that a "significant, unanticipated change in the status of the case" can constitute good cause for a continuance.  (Rule 3.1332(c)(7).)

B.     *Even if the Probate Court Abused Its Discretion by Denying a Continuance, the Court's Error Was Harmless*

McClory argues he established good cause for a continuance.  He argues that he communicated diligently with his process server and her failure to timely serve process was outside of his control.

The court denied McClory's request for a continuance because "this is the 6th appearance on this case," which suggests the probate court imputed the delay caused by the two continuances for Hobbs to McClory.  Further, the court did not consider other relevant circumstances weighing in favor of a continuance beyond the one year and four months the case had been pending.  (See rule 3.1332(d); *Oliveros v. City of Los Angeles* (2004) 120 Cal.App.4th 1389, 1399 (*Oliveros*) [finding an abuse of discretion where "the only factor" the court considered "was the impact of a continuance on the court's calendar"]; *Hernandez*, *supra*, 115 Cal.App.4th at p. 1246 [same]; *Meeker*, *supra*, 13 Cal.App.4th at p. 1105 [court should not adopt "an attitude of absolute adherence to time standards" but must "balance" its

---

[6]     Further undesignated rule references are to the California Rules of Court.

9

calendar concerns against "its obligation to provide a meaningful forum for litigants"].)

McClory argues his declaration sufficiently demonstrated good cause to continue the case so he could perfect service. The declaration described an unexpected change in his readiness to proceed due to circumstances beyond his control involving his process server. McClory stated that he acted diligently by attempting to serve timely notice of his petition on county counsel and the public administrator and communicating with his process server but that the server miscommunicated her availability, leading to untimely service. (See *Oliveros*, *supra*, 120 Cal.App.4th at p. 1400 [court abused discretion by denying continuance based on "circumstances beyond [the moving party's] immediate control"]; *Jurado v. Toys "R" Us, Inc.* (1993) 12 Cal.App.4th 1615, 1618 [same, given "a situation which could not have been known or anticipated" by the litigant].) McClory promptly alerted the court of these facts as soon as he realized service was untimely. A brief continuance would have permitted McClory to serve county counsel and the public administrator with 15-day notice without unduly delaying the proceedings. (See rule 3.1332(d)(3) [court must consider "length of the continuance requested"].) On this record, there is no indication a short continuance would have caused prejudice to other parties. (See rule 3.1332(d)(5).)

But even assuming the probate court erred by not granting a continuance, McClory fails to demonstrate any prejudice. (See *F.P. v. Monier* (2017) 3 Cal.5th 1099, 1107 [the California Constitution permits reversal only if an error "'resulted in *a miscarriage of justice*'"]; Cal. Const., art. VI, § 13.) "'No form of civil trial error justifies reversal . . . where in light of the entire

10

record, there was no actual prejudice to the appealing party.'" (*Cassim v. Allstate Ins. Co.* (2004) 33 Cal.4th 780, 801.)

The probate court ruled that McClory's petition was "denied without prejudice." "'The rules of pleading and practice in civil cases are applicable to proceedings in the Probate Courts.'" (*In re Estate of Pendell* (1932) 216 Cal. 384, 386.) "The term 'without prejudice,' in its general adaptation, means that there is no decision of the controversy on its merits, and leaves the whole subject in litigation as much open to another application as if no suit had ever been brought." (*Chambreau v. Coughlan* (1968) 263 Cal.App.2d 712, 718.) Indeed, even "[a]fter a dismissal 'without prejudice,' . . . a new lawsuit asserting the same causes of action . . . may be instituted as a matter of right within the period of limitation." (*Wilson v. Bittick* (1965) 63 Cal.2d 30, 35; see *Graybiel v. Burke* (1954) 124 Cal.App.2d 255, 261 ["It is settled law in California that proceedings for the probate of a will or for letters of administration are not subject to any statute of limitations."]; accord, *Parker v. Walker* (1992) 5 Cal.App.4th 1173, 1186-1187.)

Because his petition was denied without prejudice, McClory may choose to refile a procedurally compliant petition addressing any deficiencies identified by the probate court, or to utilize any applicable summary administration procedure.

## DISPOSITION

The order of the probate court denying the petition without prejudice is affirmed.  McClory shall bear his own costs on appeal.

MARTINEZ, P. J.

We concur:

SEGAL, J.

FEUER, J.