[Civ. No. 1287. First Appellate District.—January 20, 1914.]

BETTS SPRING CO. (a Corporation), Respondent, v. JARDINE MACHINERY CO. (a Corporation), Defendant; and JOSEPH B. JARDINE, Defendant and Appellant.

TRIAL—CONTINUANCE ON GROUND OF ABSENCE OF DEFENDANT—ABUSE OF DISCRETION IN REFUSING.—It is an abuse of discretion to refuse a continuance on the ground of the absence of the defendant, where it is shown by the statement of the plaintiff's counsel that no previous continuance has been requested and that the cause has been on the calendar for two years, and by the uncontradicted affidavit of counsel for the defendant that the defendant, who is the only witness to prove his defense, is ill, and, in search of health, has journeyed to Europe, from where he will return in two months; there being no intimation that the motion is not made in good faith, nor any showing that the plaintiff will be injured or prejudiced by the delay.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco and from an order refusing a new trial. Clarence A. Raker, Judge presiding.

The facts are stated in the opinion of the court.

Louis H. Brownstone, for Appellant.

S. J. Hankins, and Rufus H. Kimball, for Respondent.

23 Cal. App.—45

KERRIGAN, J.—This is an appeal by defendant Joseph B. Jardine from the judgment and from an order denying his motion for a new trial.

In support of the appeal it is first claimed that the court erred in denying appellant's motion for a continuance, and that for this error the judgment should be reversed.

We agree with this contention, and will therefore confine the discussion to this point.

When the case was called for trial counsel for appellant moved for a continuance of the trial, and filed on behalf of his client an affidavit, averring that three months prior thereto the appellant had suffered a stroke of apoplexy, and shortly thereafter visited Europe, where he went on the advice of his physician in an endeavor to regain his health; that he was in Scotland at the present time, and it would be two months before he returned to San Francisco. The affidavit also averred that the appellant was the only witness to prove the matters and things set forth in his defense. There was no counter affidavit; but Mr. J. S. Reid (who, it appears, represented the plaintiff at that time) made a statement in open court to the effect that the case had been on the calendar of one of the departments of the court for two years; that it had been on the present extra session court calendar for three weeks. Viewing this statement, for argument's sake, as a proper matter for the consideration of the court; and remembering, too, as stated by Mr. Reid, that no motion for a continuance had theretofore been made by the appellant, nevertheless we are of the opinion, the averments in the affidavit of appellant's counsel being undisputed, that the continuance should have been granted.

The motion for continuance was made under section 594 of the Code of Civil Procedure, which provides that a court may for good cause postpone the trial of a case in the absence of a party. It is a well-settled rule of law that an application for a continuance is addressed to the sound discretion of the trial court, and that its action thereon will not be disturbed on appeal unless it clearly appears that there has been an abuse of discretion. In this case the defendant was ill, and in search of health had journeyed to Europe, from whence he would return in two months; he was the only witness to prove his defense; there was no intimation

that the motion was not made in good faith, nor was there any showing that the plaintiff would be injured or prejudiced by the delay. The plaintiff himself (on whom rests the duty of taking the initiative in bringing an action on for trial) showed that this cause had been on the court's calendar for two years; and while it may be a matter of notoriety that in the past the crowded condition of the calendar of the superior court of San Francisco caused much delay in bringing matters to a hearing, yet that condition would not account for two years' inaction if any reasonable effort of plaintiff had been made to force progress. These being the undisputed circumstances of the case, it must be held that the court abused its discretion in denying the appellant's motion for a continuance. This view finds ample support in the following cases: *Jaffe* v. *Lilienthal,* 101 Cal. 175, [35 Pac. 636]; *McMahan* v. *Norick,* 12 Okl. 125, [69 Pac. 1047]; *Storer* v. *Heitfeld et al.,* 17 Idaho 113, 125, [105 Pac. 55].) There is nothing hostile to the views here expressed in the cases relied upon by the plaintiff. In each of those cases there was a conflict in the showing made for the continuance; and that reason alone would have justified the appellate court in refusing to interfere with the trial court's action.

The judgment and order are reversed.

Lennon, P. J., and Richards, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on March 18, 1914.