[Civ. No. 1815.   Third Appellate District.—April 19, 1921.]

PACIFIC GAS AND ELECTRIC COMPANY (a Corporation), Respondent, v. HENRY W. TAYLOR et al., Appellants.

[1] TRIAL—EMINENT DOMAIN—ABSENCE OF DEFENDANT—REFUSAL OF CONTINUANCE—ABUSE OF DISCRETION.—It is an abuse of discretion to refuse a continuance of the trial of an action in eminent domain on the ground of the absence of the defendant, where it is shown by the affidavit of his counsel that defendant was out of the state and there detained on account of a serious illness and was the only person familiar with the facts constituting the defense and who knew the whereabouts of the witnesses that he desired to be called on his behalf.

[2] EMINENT DOMAIN—RIGHTS OF DEFENDANT.—While the public interest is subserved by the rightful exercise of the power of eminent domain, yet the property is taken against the will of the owner, and he should be extended every legal consideration to enable him to show the extent of the damage that he may suffer.

[3] TRIAL—CONTINUANCE—AFFIDAVIT OF COUNSEL—HEARSAY TESTIMONY—APPEAL—POINT NOT AVAILABLE FOR FIRST TIME.—Objection that the recital in an affidavit of counsel for a continuance of the trial of an action as to the illness of his client is hearsay testimony, cannot be made for the first time on appeal.

APPEAL from a judgment of the Superior Court of Butte County. H. D. Gregory, Judge. Reversed.

The facts are stated in the opinion of the court.

Charles F. Hanlon for Appellants.

Thos. J. Straub, Wm. B. Bosley, George F. Jones and Jones & Jones for Respondent.

BURNETT, J.—The action was in condemnation, and judgment was in favor of plaintiff, condemning the property and awarding defendants the total sum of $51.50 for the various items of damage. It may be stated that in their answer the defendants claimed that the proposed improvement would result in their damage to the extent of $63,000. Notwithstanding this great disparity between what was awarded and what was claimed there is abundant evidence

to support the finding of the jury. However, the defendants were not present at the trial and no showing was made on their behalf, and this suggests the only serious question in the case. That question is, whether the trial court should not have granted the motion of defendants for a continuance of the trial. The motion was made on account of the absence of one of the defendants (the other defendant living outside of California), and was supported by the affidavit of his counsel, Charles F. Hanlon. From said affidavit it appears that said Taylor was in the city of Boston at the time of the trial; that he was detained there on account of a serious illness; that very important business required his attention at that place, and for that purpose he left California on or about May 14, 1917, before the case had been set for trial; that said Henry W. Taylor was the only person familiar with the facts constituting the defense, and the only person who knew the whereabouts of any of the witnesses that he desired to be called on his behalf; that it would be necessary to take witnesses upon the ground to enable them to give an intelligent estimate of the value of the property to be taken and that the aid of Taylor was needed for this purpose; that affiant did not know what witnesses could be procured by said Taylor; that he had "no means whatever of getting said witnesses and has none now, and has consulted with no witness or witnesses, except plaintiff's officers." Other considerations are set forth in the affidavit that emphasize the importance of the presence of said defendant; in fact, its necessity for the proper trial of the case.

The situation is thus made similar to that characterizing *Jaffe* v. *Lilienthal,* 101 Cal. 175, [35 Pac. 636]; *Morehouse* v. *Morehouse,* 136 Cal. 332, [68 Pac. 976]; *Betts Spring Co.* v. *Jardine M. Co.,* 23 Cal. App. 705, [139 Pac. 657].

In the first of these it appears that on the 21st of December, 1891, the cause was set for trial for January 6, 1892. "On that day plaintiff's attorney moved for a continuance upon affidavits of the plaintiff and his physician showing in substance that the plaintiff, who then and for about a year prior thereto resided in Seattle, Washington, was confined to his room by an attack of acute rheumatism to which he was subject, and was wholly unable to move or leave his room, and in the opinion of his physician would

not be able to leave his room in less than two months. The affidavit of plaintiff further stated that his presence at the trial was indispensably necessary; that he was the only person who knew the whereabouts of the witnesses necessary to be called on his behalf; that their names had not been communicated to his attorney, nor the matter to which they would testify. D. M. Delmas, Esq., attorney for plaintiff, also presented his own affidavit that plaintiff's presence was necessary; that he did not know the names of plaintiff's witnesses nor the details of the case.'' There were no counter-affidavits, but the motion for a continuance of the trial was denied and plaintiff's attorney left the courtroom. It was held that the due administration of justice required the reversal of said order.

In the Morehouse case it was held that ''a showing of the continued illness of the defendant of such a nature that he could neither attend the trial of an action brought against him to quiet title to real estate, nor have his deposition taken without serious injury and great risk of life, is sufficient to entitle the defendant to a continuance of the cause, and when there is nothing to contradict the showing or to raise a suspicion as to the good faith of the application, it was error to refuse the continuance.''

In *Betts Spring Co.* v. *Jardine M. Co., supra,* it appeared that the defendant was ill; that in search of health he had journeyed to Europe, whence he would return in two months; he was the only witness to prove the defense; there was no intimation that the motion was not made in good faith nor was there any showing that the plaintiff would be injured or prejudiced by the delay. The appellate court for the first district held that it was an abuse of discretion for the trial court to refuse the continuance. Among the cases cited therein is *Storer* v. *Heitfeld,* 17 Idaho, 113, [105 Pac. 55]. Therein it appeared that one of the defendants was in another state for the purpose of attending the funeral of his brother and looking after his estate, and the supreme court of Idaho held that this reason was sufficient to excuse his failure to attend at the time set for the trial. It was declared that the defendant had the right, unless he absented himself without reason, to be present to advise and assist his counsel, as well as to testify on his own behalf, and, accordingly, under the showing made the supreme

court concluded that the continuance should have been granted.

[1] The showing made by appellants herein seems. to be as potential and persuasive as that appearing in any of said citations, and we may add that we find in the record no evidence of the want of diligence or of good faith on the part of the moving defendant. The trial court, no doubt, was impressed with the importance of an expeditious trial of the action and believed that the motion for postponement was for delay, but attributing full significance to the rule that clothes the trial court with a large discretion in matters of this kind, we are of the opinion that defendants should have an opportunity to present fully their defense to the action. [2] We cannot be unmindful of the fact that, while the public interest is subserved by the rightful exercise of the power of eminent domain, yet the property is taken against the will of the owner and he should be extended every legal consideration to enable him to show the extent of the damage that he may suffer.

Certain specific reasons are advanced by respondent why the action of the lower court should be upheld, to which we may briefly direct our attention.

[3] Objection is made to the affidavit that the recital therein as to the illness of Mr. Taylor was hearsay testimony, it being merely the statement by his attorney of the contents of a telegram. Manifestly, it would be more satisfactory if there had been an affidavit from Mr. Taylor himself or from his physician in reference to the illness, but it is fair to say that appellants had no opportunity to obtain such evidence. Moreover, the rule is that, where such showing is made without any objection to the form in which it appears, it should be considered as though it were competent; and legitimate probative force should be accorded to it. In this connection we must remember that there was no controversy in the court below as to Taylor's illness, nor was any objection made to the form of the affidavit or to the failure to produce a physician's certificate.

This and other features involved in the controversy are covered by the following quotation from 9 Cyc., page 96: "The illness of a party is not *ipso facto* a cause for continuance of the cause; but where a party's presence at the trial is indispensable and the character of his illness is such

as to render his presence at the time impossible a continuance should be granted, if it appears that he has been guilty of no negligence. . . . The fact of illness must be established by some satisfactory sworn statements, either in the shape of an affidavit, or the certificate of a physician that satisfies the court of the inability of the party to be present. From the very nature of the relief asked the decision of the question must necessarily rest almost entirely within the discretion of the trial court, and such discretion will not be interfered with unless the same has been abused to the extent of prejudicing the applicant's right to a fair trial of the cause.'' It is quite plain from the facts recited in said affidavit that defendants could not have a fair trial in the absence of said Taylor and, therefore, legally speaking, the denial of the motion prejudiced their substantial rights.

Respondent's contention that said Taylor acted without due circumspection in leaving the state is, we think, without merit. It appears that, before leaving the state, Taylor had attended court at Oroville with his counsel on April 16th, when a motion to set the case for trial was heard and denied, the court stating ''that it would not set the case for trial until the pleadings were settled.'' When he left for Boston on May 14th, the pleadings were still unsettled and he had reason to believe that he would have ample time to return after the case was in condition to be tried. We need not recite all the facts but we think it sufficiently appears that the said Taylor manifested due caution and diligence and that he made an honest attempt to return to the state to protect his interest but was prevented by an unavoidable illness.

As to the delay in setting the case for trial we cannot see that appellants should be charged with any remissness. From the record, indeed, we conclude that both parties proceeded with the usual expedition to frame the issues, and exercised ordinary diligence in preparing the cause for trial. In this connection, it may be observed, moreover, that the various motions made by plaintiff to strike out parts of defendants' answer would indicate a purpose to proceed deliberately and to give due care and attention to the settlement of the pleadings before a trial was had. It may be mentioned, also, that plaintiff on the day of the trial filed

an important amendment to the complaint, thus injecting a new issue into the case.

There are some verbal criticisms of said affidavit, but we think they demand no special notice. We are satisfied that, considered in its entirety, it is not vitally defective and it constitutes sufficient support for the motion of appellants.

We have carefully examined the record and read the cases cited by both parties, but we deem it inadvisable to pursue the discussion further.

It appears to us that a just regard for the rights of the defendants demands a new trial, and the judgment is therefore reversed.

Prewett, P. J., *pro tem.*, and Hart, J., concurred.