[Civ. No. 4119. First Appellate District, Division Two.—March 23, 1922.]

In the Matter of the Estate of JOHN D. STEVENS, Deceased. LETA STEVENS et al., Appellants, v. JOSEPH B. HENDRICKS, Executor, etc., et al., Respondenst.

[1] TRIAL — WILL CONTEST — REFUSAL OF CONTINUANCE — ABUSE OF DISCRETION.—In a contest of a will it was error to deny a motion for a continuance of the trial and to dismiss the contest upon the contestants' refusal to proceed, where the contest had been pending but a few days over two months and it was shown by uncontroverted affidavits that two of the three contestants were ill at their homes in another state and that their mother, a material witness, was also a resident of such state and her presence desired, and the motion was made within three days after counsel had been advised of such illness.

APPEAL from a judgment of the Superior Court of Lake County. M. S. Sayre, Judge. Reversed.

The facts are stated in the opinion of the court.

Lovett K. Fraser and Benj. C. Jones for Appellants.

Herbert V. Keeling and C. M. Crawford for Respondents.

THE COURT.—This is an appeal from a judgment of dismissal after denial of a motion for continuance of the trial of the contest of the will of John D. Stevens, after probate. The motion for a continuance was made on the ground that two of the three contestants were ill at their homes in the state of New York and that their mother, a material witness, was also residing in the same state. The request for a continuance was made for the purpose of enabling contestants' counsel to take the depositions of these three witnesses. The contest was filed on February 10, 1921, the proponents answered on February 25, 1921, and on March 11, 1921, the cause was set for trial on the 18th of April, 1921. On April 15th the contestants filed

---

1. Question of continuance because of illness of party, note, 42 L. R. A. (N. S.) 660.

their notice of motion for a continuance. The motion was heard on April 18th at a time when proponents' witnesses and a jury were in attendance for the trial of the contest. The trial court denied the motion, and, on appellants' refusal to proceed, dismissed the contest.

[1] The affidavits filed on behalf of the contestants were not controverted and it cannot be successfully urged at this time that the contestants moved in bad faith or that the grounds given for the motion were not sufficient to have justified the trial court in granting the continuance prayed for. Appellants' counsel stated in his affidavit that he had not had an opportunity to interview his clients who lived in New York and that they had requested him to procure a continuance to enable them and their mother to be present at the trial. It was shown without contradiction that Edna Stevens Barrett and Marquita Stevens Treat, two of the contestants, were ill in the state of New York, and that knowledge of said illness had not come to their counsel until April 12th. Within three days thereafter their counsel started the proceedings to request a continuance and it cannot be said from all that appears in the record that there was a lack of due diligence.

The case is controlled by such authorities as *Jaffe* v. *Lilienthal,* 101 Cal. 175 [35 Pac. 636], *Morehouse* v. *Morehouse,* 136 Cal. 332 [68 Pac. 976], *Betts Spring Co.* v. *Jardine M. Co.,* 23 Cal. App. 705 [139 Pac. 657], and *Pacific Gas & Elec. Co.* v. *Taylor,* 52 Cal. App. 307 [198 Pac. 651].

Judgment reversed.